KENNETH E. KELLER (SBN 71450) kkeller@kksrr.com
ANNE E. KEARNS (SBN: 183336) akearns@kksrr.com
KRIEG, KELLER, SLOAN, REILEY & ROMAN LLP
114 Sansome Street, Suite 400
San Francisco, California 94104-3839
Telephone:   (415) 249-8330
Facsimile:   (415) 249-8333

STEPHEN M. GAFFIGAN (*Pro Hac Vice Pending*)
STEPHEN M. GAFFIGAN, P.A.
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
stephen@smgpa.net

Attorneys for Plaintiff CHANEL, INC.

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC., a New York corporation,<br><br>            Plaintiff,<br><br>v.<br><br>RENE PALEY d/b/a CHEAP-CHANEL-WATCHES.COM; and DOES 1-10,<br><br>            Defendants. | Case No. C-09-04979 MHP<br><br>[~~PROPOSED~~] **PRELIMINARY INJUNCTION**<br><br>**Date: November 13, 2009**<br>**Time: 2:00**<br>**Courtroom: 15, 18th Floor**<br>**Judge: Marilyn H. Patel** |

This Cause came for hearing on November 13, 2009, pursuant to this Court's October 26, 2009 Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue. [D.E. 18.] For the reasons that follow, the preliminary injunctive relief sought in Plaintiff's *Ex Parte* Application for Entry of a Temporary Restraining Order and Order to Show

1

Cause Why a Preliminary Injunction Should Not Issue ("*Ex Parte* Application") [D.E. 6] is GRANTED.

## BACKGROUND

On October 19, 2009, Plaintiff, Chanel, Inc ("Chanel") filed its Complaint [D.E. 1] against Defendant Rene Paley ("Paley"), and Does 1-10 (collectively the "Defendants"), for alleged violations of trademark counterfeiting and infringement, false designation of origin, and cyberpiracy. Before the Court is Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue. On October 23, 2009, Plaintiff filed its *Ex Parte* Application [DE 6], and this Court entered an Order directing Defendants to show cause why Plaintiff's request for a Preliminary Injunction should not be granted. [D.E. 18.] The Court further ordered Plaintiff serve a copy of its *Ex Parte* Application and the Court's October 26, 2009 Order on all Defendants on or before October 27, 2009. A notice of compliance with that Order was filed on November 4, 2009 [D.E. 24], certifying service of the *Ex Parte* Application and the Court's order upon Defendants on October 27, 2009.

The Court convened the hearing on November 13, 2009, at which only counsel for Plaintiff were present and available to present evidence supporting the *Ex Parte* Application. No written response has been filed in response to the *Ex Parte* Application, nor have Defendants appeared individually or through counsel in this matter.

## CONCLUSIONS OF LAW

The declarations and supporting evidentiary submissions Plaintiff submitted in support of its *Ex Parte* Application and the facts presented at oral argument support the following conclusions of law:

A.   Plaintiff has shown a likelihood of success on its claims against Defendants for federal trademark infringement and counterfeiting, false designation of origin, and cyberpiracy;

B.   Plaintiff will suffer irreparable harm unless Defendants are enjoined;

C.   A preliminary injunction is necessary to prevent irreparable injury to Plaintiff's reputation and business; and

1   D.   The balance of equities and the interests of justice support granting such relief.
2   Accordingly,

3   IT IS HEREBY ORDERED that Defendants, their respective officers, directors, employees,
4   agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants
5   having notice of this Order are temporarily restrained from manufacturing, importing, advertising,
6   promoting, offering to sell, selling, distributing, or transferring any products bearing the Chanel
7   trademarks CHANEL and J12 or any confusingly similar trademark; from secreting, concealing,
8   destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or
9   distributed by Chanel, bearing the Chanel trademarks, or any confusingly similar trademarks; or (ii)
10  any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of
11  any products bearing the Chanel trademarks, or any confusingly similar trademarks.

12  IT IS FURTHER ORDERED that Defendants, their respective officers, directors, employees,
13  agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants
14  having notice of this Order shall immediately discontinue the use of the Chanel trademarks
15  CHANEL and J12 or any confusingly similar trademarks in any manner, including on or in
16  connection with Internet website businesses owned and operated or controlled by them, specifically
17  including, but not limited to, the Internet websites operating under the domain names: cheap-chanel-watches.com,
18  mywatchsky.com, replica-watches-mall.com, wristfavorite.com, and zenroad.com (the "Subject
19  Domain Names").

20  IT IS FURTHER ORDERED that Defendants, their respective officers, directors, employees,
21  agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants
22  having notice of this Order shall immediately discontinue the use of the Chanel trademarks
23  CHANEL and J12 or any confusingly similar trademarks (1) within domain names, domain name
24  extensions, metatags or other markers within their websites' source code, (2) on any webpage
25  (including as the title of any web page), (3) in any advertising links to other websites, from search
26  engines' databases or cache memory, and (4) in any other manner of use in which such Marks are
27  visible to a computer user or serve to direct computer searches on search engines to websites

28                                                   3

registered by, owned, or operated by Defendants, including the Internet website operating under the Subject Domain Names.

IT IS FURTHER ORDERED that Defendants shall not transfer ownership of the Subject Domain Names during the pendency of this Action, or until further Order of the Court.

IT IS FURTHER ORDERED that the Registrar(s) for each of the Subject Domain Names shall continue to lock the Subject Domain Names and, to the extent not already done, provide to Plaintiff's counsel, for deposit with this Court, a Registrar Certificate for each of the Subject Domain Names.

IT IS FURTHER ORDERED that the top level domain (TLD) Registry for the Subject Domain Names, Verisign, Inc., shall continue to maintain the Subject Domain Names on Registry Hold status, thus removing them from the TLD zone files maintained by the Registry which link the Subject Domain Names to the IP addresses where their associated websites are hosted.

IT IS FURTHER ORDERED Defendants shall continue to preserve copies of all their computer files relating to the use of any of the Subject Domain Names and continue to take all steps necessary to retrieve and preserve computer files relating to the use of any of the Subject Domain Names and/or the websites operating thereunder which may have been deleted before the entry of this Order.

IT IS FURTHER ORDERED that Plaintiff shall maintain its bond in the amount of Ten Thousand Dollars ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this Action, or until further Order of the Court.

IT IS FURTHER ORDERED that this Preliminary Injunction shall remain in effect during the pendency of this action, or until such further date as set by the Court or stipulated to by the parties.

IT IS SO ORDERED.

DATED: Nov. 13, 2009

Marilyn H. Patel
UNITED STATES DISTRICT JUDGE

4

[PROPOSED] PRELIMINARY INJUNCTION
Case No. C-09-04979 MHP